THOMAS HEELAN, ASSIGNEE, PLAINTIFF IN ERROR, V. JOSEPH S. HOAGLAND, SHERIFF, AND OTHERS, DEFENDANTS IN ERROR.

1. Assignment for. the benefit of Creditors: HOW EXECUTED. · Deeds of assignment of both real and personal property for the benefit of creditors, to be valid as against the creditors of the assignor, must be executed in the manner of deeds of real estate, as required by sec. 1, ch. 61, Gen. Stat., 872.

2. ———: MUST BE RECORDED. To convey the property as against the creditors of the assignor, the deed of assignment must be recorded within thirty days after its execution.

Heelan v. Hoagland.

3    ———:  RECORD WITHOUT ACKNOWLEDGMENT VOID.  The
      record of an unacknowledged deed of assignment is a nullity,
      furnishing no protection to the assignee as against the creditors
      of the assignor.

ERROR to the district court of Lancaster county.

Heelan, the assignee of Grant, was in possession and claiming title to certain personal property, under a deed of assignment made by Grant to him "for the benefit of creditors."   Hoagland, as sheriff, levied upon the same by virtue of several executions and attachments sued out by creditors of Grant, and took the property into his possession.   Heelan then brought an action for the conversion of said property against the sheriff and sureties on his bond, and upon a trial before POUND, J., the defendants had judgment, and Heelan brought the cause here for review on a petition in error.

*M. H. Sessions,* for plaintiff in error.

The act of 1877 did not require an assignment to be acknowledged, and the right of the debtor to make an assignment, after the passage of that act, remained precisely as before, excepting when it was altered by the statute; you cannot attach other conditions to its validity than those expressly imposed by the statute regulating the same.   It is sought to attach the results of other legislation upon other and different subjects to the legislation respecting assignments, and thereby defeat assignments honestly made of all the assignor's property for the benefit of all his creditors.   To thus hold would be in direct violation of the spirit and intent of said act, and would be giving the creditors preferences instead of preventing the same, and take the property from the custody of the law and the court,

where the law now places it for the benefit of all the creditors. *Wright v. Thomas,* "The Reporter," May 26, 1880, 670. *Heckman v. Messinger,* 49 Pa. St., 465. *Beck v. Parker,* 65 Pa. St., 262. *Wetmore v. Husly,* 51 Mo., 171.

*Harwood & Ames* and *Burr & Kelley,* for defendants in error, cited *Hooker v. Hammill,* 7 Neb., 231. *Britton v. Lorenz,* 45 N. Y., 51. *Hardman v. Bowen,* 39 N. Y., 196.

LAKE, J.

Our decision in this case must turn upon the answer to be given to the question whether the deed of assignment under which Heelan held the property at the time of the levy by the sheriff was a valid instrument as against the creditors of the assignor.

The assignment deals with real and personal property, and must necessarily stand or fall as to both. As to the lands mentioned therein, it is clearly defective as a conveyance, for want of an acknowledgment by the assignor. Section 1, ch. 61, Gen. Stat., 872, provides that: "Deeds of real estate or of any interest therein, except leases for one year or for a less time, must be signed by the grantor, being of lawful age, in the presence of at least one competent witness, who shall subscribe his name as a witness thereto, and be acknowledged or proved and recorded as directed in this chapter." Section 46 of the same chapter provides that: "The term 'deed,' as used in this chapter, shall be construed to embrace every instrument in writing by which any real estate or interest therein is created, aliened, mortgaged, or assigned," etc. Section 17 declares that such written instruments "shall not be deemed lawfully *recorded* unless they have been previously acknowledged;" and section 2 that: "The

35

grantor must acknowledge the instrument to be his voluntary act and deed." From this it seems clear that the want of the assignor's acknowledgment is fatal to both the execution and the record of the instrument under which Heelan claims the property.

These several provisions are in nowise affected by the act of Feb. 19th, 1877, Session Laws, 24, relative "to voluntary assignments for the benefit of creditors," save in the matter of recording. As to all the formalities of the conveyance, it is silent, leaving them to be governed by the law as it previously stood. But as to the recording, the seventh section requires this to be done "within thirty days after the execution thereof," but, if not recorded within that time, the instrument "shall be considered null and void, *as against any of the creditors of the assignor* and subsequent *bona fide* purchasers without notice."

This instrument, therefore, was not entitled to a place on the records for want of an acknowledgment; and the formal entry of it upon the record book, whether the proper one for deeds of assignment or not, was a nullity, and left the property liable to seizure on execution, at the instance of creditors of the assignor, just the same as if no assignment had been attempted. The defendant in error, when he levied on the property, represented those creditors, and he was entitled to hold and dispose of it for their benefit. We discover no error in the record, and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.