VERNON and another vs. UPSON, Garnishee, etc.

*April 9 — May 15, 1884.*

*Voluntary assignment: Fraudulent preferences: Statute of frauds.*

A preference of debts of the individual partners in an assignment by a firm is fraudulent and, under sec. 2320, R. S., renders the whole assignment void as to those creditors of the firm who elect to repudiate it. Sec. 1699, R. S., and ch. 170, Laws of 1882, do not take voluntary assignments out of the operation of the statute of frauds.

APPEAL from the County Court of *Milwaukee* County.

Fenn & Williams were partners in business, and as such made a voluntary assignment of their firm property to the defendant *Upson*, for the benefit of their creditors. In such assignment the firm preferred two creditors.

The plaintiffs were creditors of the firm. They brought an action on their demand, and proceeded by garnishee process against the assignee. The garnishee answered, denying liability, and the plaintiffs took issue on his answer. After the plaintiffs recovered judgment against Fenn & Williams on their demand, the issue on the garnishee's answer was tried.

The jury found specially that the persons named in the assignment as preferred creditors were not creditors of the firm, but only of one or the other of the individual partners. The jury also negatived the good faith of the assignors in making such preferences.

The county court held that such preferences were fraudulent and void as against the firm creditors, but that otherwise the assignment was valid, and gave judgment accordingly. The plaintiffs appeal from the judgment.

For the appellants there was a brief signed by *Finches, Lynde & Miller*, attorneys, and *B. K. Miller, Jr.*, of counsel, and the cause was argued orally by *Mr. Lynde*. They

cited: R. S., secs. 2320, 2306; *Manseau v. Mueller*, 45 Wis., 433; *Wilson v. Robertson*, 21 N. Y., 591; *Keith v. Fink*, 47 Ill., 273; *French v. Lovejoy*, 12 N. H., 458; *Schiele v. Healy*, 61 How. Pr., 73; Burrill on Assignments (4th ed.), secs. 210, 352, and note 3, p. 296; 2 Tucker's Comm., 443; *Wakeman v. Grover*, 4 Paige, 23; *S. C.*, 11 Wend., 187; *Mussey v. Noyes*, 26 Vt., 462; *Ames v. Blunt*, 5 Paige, 13; *Pratt v. Adams*, 7 id., 615; *Rogers v. De Forest*, id., 272; *Barnum v. Hempstead*, id., 568; *Goodrich v. Downs*, 6 Hill, 438; *Fiedler v. Day*, 2 Sandf., 594; *Flanigan v. Lampman*, 12 Mich., 61; *Hathaway v. Brown*, 18 Minn., 425; Jones on Chat. Mortg., 352; Pierce on Fraud. Mortg., 265; Coke, 76; Plowd., 54.

*A. G. Weissert*, for the respondent, to the point that even if void in part the assignment was not wholly void, cited: *Doe v. Pitcher*, 6 Taunt., 359; *S. C.*, 3 Maule & S., 407; *Curtis v. Leavitt*, 15 N. Y., 96, 124; *Darling v. Rogers*, 22 Wend., 486–498; *Mackey v. Cairns*, 5 Cow., 564; Shep. Touch, 87, rule 5; *Pigot's Case*, 11 Coke, 27a; *Howe v. Synge*, 15 East, 443; *M'Cullough v. Sommerville*, 8 Leigh, 438; *Billups v. Sears*, 5 Grat., 31; *Gordon v. Cannon*, 18 id., 423; *Anderson v. Hooks*, 9 Ala., 704; *Green v. Branch Bank*, 33 id., 646; *Bradley v. Ragsdale*, 64 id., 560; *Brannock v. Brannock*, 10 Ired. Law, 430; *Harris v. De Graffenreid*, 11 id., 89; *Hempstead v. Johnston*, 18 Ark., 141; *Nightingale v. Harris*, 6 R. I., 334; *Read v. Baylis*, 18 Pick., 497; *Lasell v. Tucker*, 5 Sneed, 1; *Hardcastle v. Fisher*, 24 Mo., 70; *Nye v. Van Husan*, 6 Mich., 329; *Kirby v. Schoonmaker*, 3 Barb. Ch., 46; *Cox v. Platt*, 32 Barb., 126; *Eyre v. Beebe*, 28 How. Pr., 340; *Nicholson v. Leavitt*, 4 Sandf., 268–311.

LYON, J.   The assignment by Fenn & Williams to *Upson*, the garnishee, is not preserved in the record. Neither is the testimony upon which the special findings are based.

But sufficient does appear to make it probable that the debts preferred were treated in the assignment as partnership debts. That they were the debts of the individual partners, and hence that they were fraudulently preferred, are, however, verities in the case. The sole question to be determined on this appeal is, Do such fraudulent preferences vitiate the assignment as to the plaintiffs, who are creditors of the firm?

It is provided by statute that "every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods, or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay, or defraud creditors or other persons of their lawful actions, damages, forfeitures, debts, or demands, and every bond or other evidence of debt given, action commenced, order or judgment suffered, with the like intent as against the person so hindered, delayed, or defrauded, shall be void." R. S., 657, sec. 2320.

This assignment was made with intent to hinder, delay, or defraud the creditors of the firm of Fenn & Williams (the assignors), including the plaintiffs, because it contains fraudulent preferences, and that fact, of itself, shows such fraudulent intent. There is no doubt, therefore, that, if the above provision of the statute of frauds is applicable to the case, the assignment is void as to the plaintiffs or any other creditor of the firm who elects to assert its invalidity. The authorities to that effect, many of which are cited in the brief of counsel for the plaintiffs, are so numerous and uniform that this court, in *Powers v. C. H. Hamilton Paper Co.*, *ante*, p. 23, regarded the rule as settled, and asserted and applied it without discussion or citation of authority. That was a voluntary assignment by an insolvent corporation for the benefit of creditors, and certain debts owing by two of

the stockholders were preferred therein. It is there said: "The facts stated in the complaint show that the assignment is fraudulent as against the unpreferred creditors of the corporation (the plaintiff being one of them), and is therefore invalid as against such creditors. It matters little whether it is absolutely void or only voidable. Surely, no more flagrant fraud upon creditors could be committed in a voluntary assignment made in view of insolvency, than to prefer debts owing by a third party, and provide for paying the same out of the insolvent estate before the creditors of the insolvent would be entitled to receive anything."

The same principle was applied by this court at an early day to other provisions in such assignments. Thus an assignment which authorized the assignee to sell the assigned goods "on such terms" as he might deem advisable, was construed as an authority to the assignee to sell upon credit. It was held that this would necessarily operate to hinder and delay the creditors of the assignor, and hence that the assignment was void as to them. So, also, it was held that an assignment was fraudulent and void as against creditors which contained a clause attempting to reduce the liability of the assignee for the proper execution of his trust below his legal liability therefor. *Hutchinson v. Lord,* 1 Wis., 286; *Keep v. Sanderson,* 2 Wis., 42; *S. C.,* 12 Wis., 352. The same principle was recognized in *Norton v. Kearney,* 10 Wis., 443, although the assignment there under consideration was held not to authorize the assignee to sell on credit.

If, under the statute of frauds, a fraudulent preference does not vitiate the whole assignment as to creditors attempted to be defrauded thereby, but only expunges such preference from it, leaving the balance of the assignment valid, the above cases were wrongly decided. For certainly the authority to the assignee to sell on credit, or the attempted restriction of his legal liability in the execution of his trust, may just as easily be expunged from the assign-

ment as a fraudulent preference, thus saving the balance of the assignment. We are satisfied, however, that those cases were correctly decided. Fraud vitiates everything contaminated with it, without regard to the extent of the fraud, and a provision in an assignment evidencing an intent to defraud a creditor to the extent of only a part of his demand, is just as fatal to the validity of the instrument as though the fraudulent intent covered the whole debt.

The question has been discussed whether a fraudulent assignment is utterly null and void, or only voidable at the option of the parties affected by the fraud. Manifestly it is not absolutely null and void. It is valid as between the parties, and all others not affected by the fraud. It is also valid as to defrauded creditors, if they elect to take under it. It is only void as to defrauded creditors who repudiate it. As to them, it is utterly null and void, and they may resort to any legal process to collect their demand against the assignor which would have been available to them had no assignment been made. As was said in *Powers v. C. H. Hamilton Paper Co., supra,* we think it matters little whether the assignment is absolutely void or only voidable. In either event the same consequences result.

We conclude that if the provisions of the statute of frauds above cited (sec. 2320, R. S.) are applicable to the assignment under consideration, it must be held that the whole assignment is void as against the plaintiffs.

It has been earnestly argued, however, that the statutes relating to voluntary assignments have taken those instruments out of the operation of the statute of frauds. This argument is based upon the provisions of R. S., 499, sec. 1699, and Laws of 1882, ch. 170. Sec. 1699 provides a summary process by which the assignee, or any creditor of the assignor, may make objections to, and litigate the validity of, the claim, or any part thereof, of any person filing a claim against the assignor. Ch. 170, Laws of 1882, makes

the assignee the representative of creditors in respect to all fraudulent transfers of property by the assignor, and gives the assignee the right to maintain actions to avoid the same.

These statutes enlarge the functions of the assignee. Before they were enacted he was the representative of the assignor only. *Estabrook v. Messersmith,* 18 Wis., 545; *Hawks v. Pritzlaff,* 51 Wis., 160. Now, in certain specified cases, he represents the creditors also. But these statutes confer no new right upon the creditors of the assignor. They simply prescribe a new procedure to enforce existing rights. The creditors always had a remedy, by suit in equity, to avoid fraudulent claims against the assignor and prevent their payment out of the assets in the hands of the assignee. A resort by any creditor to the remedy of the statute would, doubtless, be a waiver of any objection to the validity of the assignment, and estop him thereafter to assert its invalidity. But there is nothing in the language of the statute which confines a creditor to that remedy, and thus binds him, against his will, by a fraudulent assignment which otherwise would be absolutely void as against him. It seems to us that to construe statutes as thus binding a defrauded creditor by the assignment, against his will, would contravene a sound public policy, in that it would enable an insolvent assigning debtor to stuff his assignment with fraudulent preferences, or with fraudulent provisions, to pay alleged debts which he does not owe, with perfect impunity. If no creditor contests the fraudulent claim, the fraud succeeds. If some creditor does contest it, and succeeds in defeating the claim, it merely adds just the amount of the fraudulent claim to the assets in the hands of the assignor, and the same would be distributed under the assignment to all of the creditors entitled, although no others used any diligence to defeat the fraud, or bore any of the burdens of the contest. It will require very plain and direct language

in a statute to satisfy us that the legislature intended such a result.

We find an ample field for the operation of the statute in those fraudulent assignments, which the creditors of the assignor do not repudiate, but which they elect to be bound by. In such cases the statutes give an easy and summary process to expunge the fraud from the assignment and save the unobjectionable portions of it.

There are cases which hold a contrary doctrine, but we are not satisfied with the reasoning upon which the doctrine is rested. A fair sample of these cases is that of *Hardcastle v. Fisher*, 24 Mo., 70, which is similar to this case in its facts. The court say they think it wise to uphold assignments rather than defeat them by lending a too easy ear to objections, and that the better way to render them effectual in securing the effects of insolvent debtors to their creditors, is to exclude the fraudulent claimants whose claims were preferred by the terms of the assignment, and let the assignment stand in favor of honest parties. We think it wise to uphold *honest* assignments, but we think it equally wise to hold void dishonest assignments,— those made for the purpose of cheating honest creditors of their dues,— unless such creditors elect to let the assignment stand. This, in our opinion, best comports with those rules of law of universal application in business affairs which render nugatory all instruments contaminated with fraud, when attacked by the parties sought to be defrauded.

Our judgment upon the whole case is that because the assignment contains preferences in favor of persons who were not creditors of the assigning firm, it is fraudulent and void as to these plaintiffs who have repudiated it, and who are unpreferred creditors of the firm. It appears by one of the special findings that the garnishee (the assignee) had in his hands, when summoned, more than sufficient of the moneys of the judgment debtors to pay the judgment of

the plaintiffs against them. Such moneys are, therefore, properly applicable to the payment of that judgment. The county court should have rendered judgment against the garnishee on the special verdict for the amount thereof.

*By the Court.*— Judgment reversed, and cause remanded with directions to the county court to render judgment for the plaintiffs as indicated in this opinion.