JOHN W. CONNOR ET AL. V. OMAHA NATIONAL BANK.

FILED NOVEMBER 8, 1894. No. 5801.

Foreign Voluntary Assignments: VALIDITY: ACTION TO RECOVER DEPOSIT: RIGHTS OF ASSIGNEES. One France, a citizen of Wyoming, made an assignment there for the benefit of his creditors. At the date of the assignment he had on deposit to his credit, and subject to his check, $—— in a bank of this state. The day after the assignment the bank applied the

money it held on deposit to the discharge of the unmatured notes of France held by it. The assignment law of Wyoming provided that an assignment for the benefit of creditors should be in writing, subscribed and acknowledged by the assignor, and before taking effect filed and recorded in the office of a probate judge; that within twenty days after making an assignment the assignor should make an inventory, verified by his affidavit, of his assets, liabilities, debtors, and creditors, and file the same with the probate judge; that "an assignment for the benefit of creditors is void against creditors of the assignor   *   *   *   unless it is recorded, and unless the inventory required is filed   *   *   *   within twenty days after the date of the assignment." The assignees of France sued the bank in a court of this state for the money he had on deposit therein at the date he made an assignment, and on the trial failed to prove that France, within twenty days after making such assignment, made and filed the inventory required by the Wyoming statute. *Held*, That the assignees were not entitled to recover, as the failure of the assignor to make and file, within twenty days, the inventory required by the law, rendered the assignment absolutely void.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*John L. Webster*, for plaintiffs in error.

*Hall, McCulloch & English, contra.*

RAGAN, C.

On the 16th day of March, 1888, one James France, of Carbon county, Wyoming, made there a general assignment for the benefit of his creditors, naming John W. Connor and William R. Brown, assignees. At the date of this assignment France had on deposit to his credit, and subject to check, in the Omaha National Bank the sum of $6,196.40. On the 17th day of March, 1888, the bank applied the money it held on deposit belonging to France to the payment and discharge of two notes held by it against France, which were not then due. On the 31st day of January, 1890, the assignees of France brought this suit in the district court of Douglas county against the

Omaha National Bank to recover the said sum of $6,196.40, which France had on deposit in said bank to his credit at the date he made said assignment for the benefit of his creditors. The case was tried without the intervention of a jury, and resulted in a finding and judgment in favor of the bank, and the assignees prosecute proceedings in error here.

In view of the conclusion we have reached, it becomes unnecessary to consider all the questions presented and argued by the able counsel in their briefs filed herein.

The assignment law of Wyoming was introduced in evidence on the trial of the case, and is in the record. Section 92 of this law provides that an insolvent debtor may, in good faith, execute an assignment of all his property to . one or more assignees for the benefit of his creditors. By section 97 of said law it is provided that an assignment for the benefit of creditors must be in writing, subscribed by the assignor or by his agent thereto authorized by writing; must be acknowledged, or proved and certified, and before the same shall be in force, must be filed and recorded in the office of the probate judge of the proper county. Section 100 of the law is as follows: "Within twenty days after an assignment is made for the benefit of creditors, the assignor must make and file in the manner prescribed by section 102 a full and true inventory showing: (1) All the creditors of the assignor; (2) the place of residence of each creditor, if known to the assignor; if not known, the fact must be so stated; (3) the sum owing to each creditor, and the nature of each debt or liability, whether arising on written security, account or otherwise; (4) the true consideration of the liability in each case and the place where it arose; (5) every existing judgment, mortgage or other security for the payment of any debt or liability of the assignor; (6) all the property of the assignor at the date of the assignment, which is exempt by law from execution; and (7) all of the assignor's property at the date of the as-

signment, both real and personal, of every kind, not so exempt, and the incumbrances existing thereon, and all vouchers and securities relating thereto, and the value of such property, according to the best knowledge of the assignor." Section 101 of the law provides that the assignor shall make an affidavit, and file the same with the inventory required by section 100, in which affidavit he shall state that such inventory is just and true according to the best of his knowledge. Section 102 provides: "An assignment for the benefit of creditors must be recorded, and the inventory required by section 100 filed with the probate judge of the county in which the assignor resided at the date of the assignment, or if he did not then reside in this territory, with the probate judge of the county in which his principal place of business was then situated, or if he had not then a residence or place of business in this territory, with the probate judge of the county in which the principal part of the assigned property was then situated." Section 104 of the law is as follows : "An assignment for the benefit of creditors is void against creditors of the assignor, and against purchasers and incumbrancers in good faith and for value, unless it is recorded and unless the inventory required is filed 'pursuant to this chapter within twenty days after the date of the assignment."

Under the issues made by the pleadings in this case, in order for the assignees to recover therein it was necessary for them to prove that France made an assignment for the benefit of his creditors; that it was in writing and subscribed by him or his agent; that it was acknowledged or proved and certified, and filed and recorded in the office of the probate judge of said Carbon county ; and it was also necessary for him to prove that within twenty days after France made the assignment, that he made and filed the inventory as required by section 100 of the act. The assignees proved on the trial that France had made an assignment to them for the benefit of his creditors; that

they, the assignees, had accepted the trust. The original deed of assignment was produced and read in evidence on the trial of the case. If France ever made the inventory required by section 100 of the assignment act quoted above, it was not offered on the trial. The only evidence upon the subject was that of a deputy county clerk of said Carbon county, and was as follows:

Q. Mr. Henderson, do you know of an inventory being prepared and filed at any time within twenty days after the 16th day of March, 1888?

A. I do.

Q. Do you know who wrote up that inventory?

A. I do.

Q. Who wrote it?

A. Myself and a gentleman by the name of Mr. Smith.

If it can be said that this evidence was sufficient to establish that an inventory was made and filed by France as required by section 100, it still falls far short of establishing that France, within twenty days from the date he made the assignment for the benefit of his creditors, made and filed the inventory required by section 100. The question then is whether the making and filing, within twenty days from the date of the assignment by France, of the inventory required by section 100 was essential to the validity of such assignment. We think it was. Section 104 of the assignment law of Wyoming expressly declares unless such inventory is made and filed within twenty days after the date of the assignment that the assignment shall be absolutely void. In *Mather v. McMillan*, 60 Wis., 546, it was held that the failure of an assignor to make and file a correct inventory and list of creditors within ten days after the execution by him of a voluntary assignment, rendered such assignment absolutely void under a statute which provided that "'a failure to make and file such inventory and list shall render such assignment void.'" But it is argued by counsel for the assignees that their assignor

was not required by the law to make and file the inventory by said section 100 until within twenty days after the date of the assignment, March 16; and that as the bank appropriated the money of France on the 17th of March and before his notes to it matured and nineteen days before the time expired in which France could file an inventory, the bank cannot now insist upon the failure of France to file an inventory as a defense to this action. We cannot agree to this argument. Whether the bank rightfully or wrongfully appropriated to its use the money which France had on deposit is not the question. These assignees could not recover the money without showing that France had made a legal and valid assignment; and since the making and filing of the inventory required by the law was necessary to the validity of the assignment, the assignees could not recover without proving the making and filing of such inventory. The evidence produced in the district court did not establish that France had made a valid assignment for the benefit of his creditors, and the burden of proving this was upon the assignees; and in the absence of evidence establishing the fact that France had made an assignment to these assignees for the benefit of his creditors, and that such assignment was valid under the laws of the state of Wyoming, the assignees were not entitled to recover. The judgment of the district court was right and is

AFFIRMED.