Talmage v. Minton-Woodward Co.

JOHN S. TALMAGE ET AL., APPELLEES, V. MINTON-WOOD-
WARD COMPANY ET AL., APPELLANTS.

FILED DECEMBER 17, 1908.   No. 15,339.

1. Assignments: VOID DEED. A voluntary assignment for benefit of creditors is void, if the deed of assignment is not witnessed and acknowledged.

2. ——: ——: ORDER OF DISTRIBUTION: VALIDITY. In proceedings in the county court taken under sections 3500-3545, Ann. St. 1907, relating to assignments for benefit of creditors, if the deed of assignment is void, the order of the county court allowing claims of creditors does not amount to a judgment, and the distribution of the assigned estate and the discharge of the assignee under the orders of the county court in such proceedings do not amount to a judicial exhaustion of the property of the assignor.

APPEAL from the district court for Hall county: JAMES G. REEDER, JUDGE. Reversed.

W. H. Thompson, R. R. Horth, W. A. Prince, Charles

*G. Ryan, M. T. Garlow, B. H. Paine* and *James H. Wooley*, for appellants.

*T. O. C. Harrison* and *O. A. Abbott, contra.*

GOOD, C.

This action was brought by creditors of the Minton-Woodward Company, a Nebraska corporation, against the stockholders of said corporation to enforce their statutory liability by reason of the corporation's failure to annually publish notice of its existing debts, as required by section 4128, Ann. St. 1907. The Minton-Woodward Company was organized for the purpose of carrying on a wholesale mercantile business, and had its principal place of business at Grand Island, in Hall county, Nebraska. During the years 1896 to 1899, inclusive, it published no notice of its existing debts, as required by said section 4128, and during the time that it was in default of notices it became indebted to a large number of creditors. On the 29th of April, 1899, the corporation attempted to execute and deliver to the sheriff of Hall county a deed of assignment for the benefit of its creditors. The corporation placed its property in the hands of the sheriff of said county, and thereafter filed in the county court of said county an inventory of its property with a schedule of its debtors and creditors containing the information required by section 3507, Ann. St. 1907. Thereafter the provisions of the assignment law were followed in all respects as though the deed of assignment had been valid. An assignee was chosen by the creditors of the corporation, to whom the sheriff transferred the property received from the corporation. Under orders of the county court, the property in the hands of the assignee was converted into cash, and the proceeds distributed to the creditors. The amount so distributed was 86 per cent. of the claims filed. Upon the assignee's final report, he was discharged by the county court. Thereafter John S. Talmage and other creditors of the corporation brought this action on

their own behalf and on behalf of all other creditors similarly situated who might choose to join in the action and contribute to the expense thereof. Several answers were filed by different defendants, setting up various defenses, but all of the defendants alleged that the purported deed of assignment was void because it was not witnessed, was not acknowledged before a notary public who was competent to take the acknowledgment, and was not executed by the proper officers of the corporation; and that, by reason of the fact that the assignment was invalid, all of the assignment proceedings in the county court were void, and that the plaintiffs' claims against the corporation had never been reduced to judgment, and that the assets of the corporation had never been judicially exhausted. A trial upon the issues joined resulted in a judgment in favor of the plaintiffs. The defendants against whom judgment was rendered have appealed.

On this appeal many interesting questions of law have been raised which have been ably presented both on the oral arguments and in the briefs, but the conclusion at which we have arrived renders it necessary to consider but one. Section 4128, Ann. St. 1907, requires every corporation created after the passage of said section to annually give notice in some newspaper of the amount of all the existing debts of the corporation, and further provides that, if any corporation shall fail to give notice as required, after its assets are first exhausted, then all the stockholders of the corporation shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given, to the extent of the unpaid subscription of any stockholder to the capital stock of such corporation, and to the amount of the capital stock owned by such stockholder. It has been held by this court that, before a cause of action under this section accrues against the stockholders for an amount equal to their stock, claims against the corporation must first be judicially ascertained, and the property of the corporation judicially ex-

hausted.    This means, ordinarily, that judgment must
be rendered against the corporation, and execution issued
thereon and returned unsatisfied, before the right of action
accrues.    *Globe Publishing Co. v. State Bank,* 41 Neb.
175; *Ball v. Wicks,* 45 Neb. 367.    No judgments in actions
at law were obtained by the creditors against the Minton-
Woodward Company.    The only judgments ever obtained
against the corporation were in the assignment proceed-
ings wherein the court ascertained the amount of each
claim filed.    The only judicial exhaustion of the assets
of the corporation was by the sale and distribution of the
property of the corporation which had been placed in the
hands of the assignee.

The plaintiffs contend that the allowance of the claims
of the creditors by the county court in the assignment
proceedings and the sale and distribution of the assets of
the corporation were equivalent to the entry of judgment
in an action at law, and the issue and return of executions
unsatisfied.    The defendants contend that the county court
had no jurisdiction because there was never any valid as-
signment.

Section 3505, Ann. St. requires every assignment for
the benefit of creditors to be in writing, and that it shall
be executed and acknowledged in the manner in which a
conveyance of real estate is or shall be required to be ex-
ecuted and acknowledged in order to entitle the same to
be recorded.    In this state the law requires a deed of con-
veyance of real estate to be witnessed and acknowledged
in order to be entitled to record.    The deed of assignment
was not witnessed.    In *Sager v. Summers,* 49 Neb. 459,
it was held that a deed of assignment, unless witnessed,
is absolutely void.    The deed of assignment was acknowl-
edged before a notary public who was a stockholder of
the corporation.    Such an acknowledgment has been held
invalid in *Horbach v. Tyrrell,* 48 Neb. 514; *Chadron L. &
B. Ass'n v. O'Linn,* 2 Neb. (Unof.) 246.    The first section
of the act relating to the assignment for the benefit of
creditors provides that no voluntary assignment for the

Talmage v. Minton-Woodward Co.

benefit of creditors hereafter made shall be valid unless the same shall be made in conformity to the terms of this act. It is clear that the deed of assignment was not made in conformity with the act relating to assignments for the benefit of creditors. In *Miller v. Waite,* 60 Neb. 431, it was held that the provisions of the assignment law requiring the filing of a deed of assignment for record within 24 hours after its execution is mandatory, and a failure to file such instrument within the time limited by statute avoids the assignment, and renders it of no force and effect. In *Heelan v. Hoagland,* 10 Neb. 511, it was held that an unacknowledged deed of assignment, although recorded, was void. In the dissenting opinion of Judge REESE in *Bonns v. Carter,* 22 Neb. 495, 515, which was afterwards held in *Kilpatrick-Koch Dry Goods Co. v. Bremers,* 44 Neb. 863, to be the law, it was held, in substance, that, where one undertakes to make an assignment under the statute, he must make it in accordance with it, otherwise it is no assignment, and is void. See, also, *Sloan v. Thomas Mfg. Co.,* 58 Neb. 713. It is clear that, under the statute and the rules announced in the authorities quoted from, the deed of assignment in the instant case was absolutely void.

It now becomes necessary to determine what force and effect shall be given to the assignment proceedings had in the county court which were based on the said assignment. Section 3538, Ann. St. 1907, confers full authority and jurisdiction upon the county courts to carry out the provisions of the assignment law. Section 3507 of the statute requires the assignor executing the deed of assignment to make and file within 10 days after such assignment, in the county judge's office, a verified inventory showing all the creditors of the assignor, the residence of each creditor, the sum owing to each creditor, the nature of each debt or liability, the consideration of the liability in each case, all of the property of the assignor at the date of the assignment, together with other detailed information. The following section makes it the duty of the county

judge, upon the filing of such inventory, to fix a date for the meeting of the creditors of the assignor, and to give notice of the time and place of such meeting. The subsequent sections contain provisions for the selection of an assignee and the administration of the assigned estate under the orders of the county court. Section 3516 requires the county judge to allow all claims filed that are uncontested, and upon all contested claims the county judge shall order pleadings to be filed, and contested claims shall be tried as in ordinary civil actions.

The plaintiffs contend that the filing of the inventory required by section 3507 vests the court with jurisdiction, and that a valid deed of assignment is not essential to give the county court jurisdiction. We are unable to assent to this view. The inventory is required to be filed only after the assignment has been made. Section 3508, making it the duty of the judge to take action, presupposes a valid deed of assignment. The object of the assignment law of this state is to permit a debtor to withdraw his property from the reach of his creditors and place it in custody of the law for ratable distribution among his creditors in the manner provided by the assignment law. It permits the debtor to impound his property, so that his creditors may not reach it by the ordinary process of law. The effect of a valid assignment is to place the property under the control of the county court. If the assignment is void, the right of the creditors of the assignor to reach his property by attachment, execution or garnishment is not taken from them. If the assignment is invalid, the property is not in the custody of the law, so as to withdraw it from the reach of creditors. Under a void assignment, the assignee acquires no title to the property conveyed by the assignment. The purpose of the law was to confer upon the county court jurisdiction to deal with the property of the assignor in the manner provided by the assignment law. If the assignment law is complied with, the result is that the county court has jurisdiction to deal with the assigned property and dis-

pose of it unhampered by the general creditors of the assignor. The intention of the law was to confer upon the county court jurisdiction to deal with assignments only when a valid assignment had been made, so that the court could deal with the assigned property in the manner contemplated by the assignment law. As the deed of assignment was void, the assignee took no title to the property, and he held it the same as an ordinary trustee would hold property for the assignor. It was subject to be levied upon by attachment or execution while in the hands of the assignee. After the property had been sold by the assignee, and before the funds had been distributed, they might have been reached in his hands by the process of garnishment. *Vernon v. Upson,* 60 Wis. 418; *Ogden Paint, Oil & Glass Co. v. Child,* 10 Utah, 475; *Heelan v. Hoagland,* 10 Neb. 511; *Ramsdell v. Sigerson,* 2 Gilm. (Ill.) 78; *Hardmann v. Bowen,* 39 N. Y. 196; Bishop, Insolvent Debtors (3d ed.), sec. 149; *Johnson v. Adams & Co.,* 92 Ga. 551; *Connor v. Omaha Nat. Bank,* 42 Neb. 602; *Bennett v. Knowles,* 66 Minn. 4.

We have been cited to the cases of *Farwell v. Crandall,* 120 Ill. 70, and *Farwell v. Cohen,* 138 Ill. 216. These cases hold that the jurisdiction of the county court in assignment proceedings does not depend upon the validity of the deed of assignment; that for the purpose of jurisdiction it is sufficient that there has been an assignment in fact for the benefit of creditors. An examination of the Illinois statute, however, shows that practically every attempt at an assignment should be construed as an assignment, while under our statute and the decisions of our court an assignment that does not comply with the statute with respect to being witnessed and acknowledged is absolutely void. The Illinois cases are therefore not in point. We are of the opinion that the county court was without jurisdiction, and that the assignment proceedings had there amounted to no more than would a sale and distribution of assets of the corporation by a trustee and the application of the proceeds to the claims of its

creditors. There was no judicial ascertainment of the claims of the plaintiffs, and there was no judicial exhaustion of the property of the corporation. Until these things occur, the plaintiffs are without right to maintain an action against the stockholders for their statutory liability.

It follows that the judgment of the district court should be reversed and the cause remanded for further proceedings according to law.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.