SMITH VS. VANDYKE and others, Adm'rs of Rogers.

Land cannot be twice legally sold to enforce the payment of the same charge upon it.

When a lot in the city of Milwaukee has been duly sold, either to the city or to an individual purchaser, for unpaid taxes, including the amount of a special assessment for which a street commissioner's certificate has been issued under the provisions of the city charter, the holder of such certificate ceases to have a lien for the amount thereof upon the lot.

APPEAL from the County Court of *Milwaukee* County.

Action to enforce the lien of a street commissioner's certificates upon certain lots in the city of Milwaukee, by a foreclosure of the defendants' equity of redemption, and a sale of the lots. Judgment for the plaintiff; from which the defendants appealed. The facts upon which the decision of this court is based are sufficiently stated in the opinion.

*Thomas L. Ogden*, for appellants.

*Butler & Cottrill*, for respondent.

*By the Court*, PAINE, J. This action was brought under the provisions of section 3, chapter 338, Local Laws of 1856, to foreclose the lien created by a street commissioner's certificate. Many questions were discussed upon the argument, which we shall not attempt to determine, as we have come to the conclusion that the complaint shows on its face that the plaintiff is not entitled to the relief sought here, for the reason that it appears that the amount of this certificate was specially assessed as a tax against the lot, and the lot sold at a tax sale therefor, and bid off by the city of Milwaukee, all of which was in pursuance of the city charter. If that sale was valid, as must be assumed on the allegations of this complaint, then the right to a title according to the terms of the certificate of sale passed to the purchaser, and is now outstanding; and we are of the opinion that where this has been done, the owner of the street commissioner's certificate is not afterwards in a position to obtain the relief sought in this suit under the act of 1856.

The reason is, that the lot cannot be twice legally sold to enforce the payment of the same charge upon it. If the first sale is valid, the right to the land passes to the purchaser, and the owner of the claim must look to the amount bid, to be collected according to law.

It is a case where the law furnishes two remedies, each designed to subject land charged with a debt to sale for its payment. It seems manifest that where one has been resorted to, and a sale had under it, it is then too late to resort to the other. It would be like an attempt by a mortgagee to foreclose his mortgage, after he had sold the land under a power of sale contained in it. The correctness of this conclusion would seem too obvious for argument, if, instead of the city, some individual had bid off the lot on the tax sale, and paid in the amount of his bid. The money would then have been realized, and of course the holder of the street commissioner's certificate would only have the right to take the amount already collected for him, and could not institute proceedings to collect it over again.

But the fact that in this case the city bid off the lot at the tax sale, cannot change the result, so far as respects the right to a subsequent resort to the remedy provided by this act of 1856. The city bid in pursuance of a law authorizing it. That law was passed for the express purpose of preventing a failure of tax sales for want of bidders, and to make the proceedings effectual to divest the title of the owner, and collect the tax. The sale to the city, therefore, passed to it the same rights which any other purchaser would have had to the land. And the certificate of sale may be assigned by it, and give to the assignee the same rights he would have had if he had bid at the sale itself. It is true the city does not pay the money on its bid; but the certificate of sale and the right of the city to sell it are substituted as security for the tax, in the place of any new proceeding against the land itself. There is therefore no distinction between the case where an individual bids at the

tax sale and pays his money, and that where the city bids and takes a certificate of sale with power to assign it, so far as regards the right to institute a new remedy under another law, to sell the land again for the same debt. In either case the owner of the claim, having prosecuted one remedy to a valid sale of the land, ought not to be allowed to sell it again, even if the rights of the purchaser at the first sale did not present an insuperable obstacle to another sale, which of course they would do.

It is not entirely clear that the legislature did not assume that the remedy provided by the act of 1856 might be resorted to although a tax sale had been previously had for the amount of the street commissioner's certificate sought to be foreclosed. But whether they did or not, for the reasons already given we think it cannot be done.

The judgment must be reversed, and the cause remanded with directions to dismiss the complaint.

---

A motion for a rehearing in this cause was subsequently denied. The argument of the counsel for the respondent in support of that motion will be found in connection with the case of *Smith vs. Ludington and others*, hereinafter reported.—REP.