## DURBIN vs. PLATTO and others.

*Foreclosure of tax certificate.*

So much of ch. 181 of 1872 as authorizes an action to foreclose a tax cer-
tificate, is valid; and in such action the complaint need not set out the
proceedings antecedent to the certificate, nor allege that no proceedings
at law for the same purpose have been taken.

APPEAL from the County Court of *Milwaukee* County.
Action to foreclose tax certificates, under ch. 181 of 1872.
In respect to each certificate, the complaint alleges the sale of
the land, specifying the date of such sale; the taxes for which
and the officer by whom the sale was made; the purchaser;
the amount bid, and that the same was the amount due on the
land for said taxes, etc.; the execution of the certificate; the
subsequent assignment and transfer thereof for value; the
facts that plaintiff is the present owner and holder, and that no
part of or interest in the land has been redeemed from the sale;
the amount due and in arrear to plaintiff upon the certifi-
cate, and that he has a lien upon the land for that amount
and for the costs of enforcing the lien; and that plaintiff has
elected, and thereby declares his option to be, to foreclose said
certificate by action as in the case of a mortgage upon real estate,
in lieu of taking a tax deed of said land, pursuant to the stat-
ute.    The complaint then states that the defendant Jacob
Van Vechten Platto is the owner of said land, subject to the
lien of said certificates, and that his wife, *Mary Platto*, and
certain other persons named as defendants, have or claim
each some interest or lien, and that such interest or lien is sub-
ordinate to the lien of said certificates.    The prayer is for a
judgment "determining the amount due the plaintiff for prin-
cipal, interest and costs, and directing that, pursuant to the
statute, the said land, or so much thereof as shall be sufficient
to satisfy the lien of said certificates, with interest and costs,
and the subsequent taxes and tax liens, if any, thereon, and

which may be sold separately without material injury to the parties interested, be sold by or under the direction of the sheriff of Milwaukee county, as in the case of the sale of mortgaged premises upon the foreclosure of a mortgage upon real estate, and that out of the moneys arising upon said sale, and properly applicable thereto, the plaintiff may be paid the principal and interest due upon said several certificates and the costs of this action, or so much thereof as the proceeds of such sale will pay after deducting the costs and expenses of sale, and after paying or redeeming, as the case may require, all subsequent outstanding taxes and tax liens upon said land; that any of the parties to this action may become purchasers at such sale; that such sale be not made until one year after the date of said judgment, unless all the parties to this action shall consent to an earlier sale; and that the said sheriff shall execute and deliver to the purchaser or purchasers at such sale, his, her or their legal representatives or assigns, a deed or deeds of conveyance of the land sold, and that then and in that case the defendants, and all persons claiming under them or either of them, subsequent to the commencement of this action, may be barred and foreclosed of all right, title and equity of redemption of, in and to the same; and that the plaintiff may have such other and further relief," etc.

The defendant *Mary Platto* demurred to the complaint as not stating a cause of action; and the plaintiff appealed from an order sustaining the demurrer.

For the appellant, there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.

The cause was submitted for the respondent on the brief of *J. V. V. Platto*. He contended, 1. That the complaint should show a compliance by the taxing officers with all the conditions of law necessary to give them jurisdiction to make the tax sale. Blackw. T. T., 1st ed., 584–596; Cooley on Tax., 325–7; *Eaton v. Lyman*, 33 Wis., 35, 39; *Stewart v. McSweeney*, 14 id., 468, 472; *Whitney v. Marshall*, 17 id., 174. 2. That

the complaint should have stated whether any proceedings had been had, at law or otherwise, to recover the amount of the tax (Moak's Van Santv. Pl., 3d ed., 232, 234), and without that allegation it was fatally defective. 4 Paige, 551; 1 Clarke Ch., 9.   3. That the complaint should allege notice *to the* owner or occupant of the land that an action would be commenced, etc., as required by ch. 44 of 1870.   See also ch. 181 of 1872, ch. 344, P. & L. Laws of 1871, and sec. 1175, R. S. The statute requiring notice is a remedial one; the mischief to be guarded against is the same whether the holder of the certificate elects to take a deed or foreclose; and the foreclosure act does not exempt him from the duty of giving notice. See *State ex rel. Knox v. Hundhausen*, 23 Wis., 510; *Curtis v. Morrow*, 24 id., 664.   4. That the property had been once sold to satisfy the tax, and the title divested, leaving the owner only an equity of redemption (R. S., sec. 1140); and it was not competent for the legislature to provide for selling the land a second time to enforce the same charge upon it. *Smith v. Van Dyke*, 17 Wis., 208; *Smith v. Ludington*, id., 334; *Shephard v. City of N. Y.*, 13 How. Pr., 286.

ORTON, J.   This is a proceeding to foreclose a tax certificate under section 1, ch. 181, Laws of 1872.   This section provides for such foreclosure, " as in the case of a mortgage," and " that all the rules of law and practice relating to the foreclosure of mortgages by action, as to the persons necessary and proper to be made parties to such actions, the decree of sale and foreclosure therein, the rules of pleading and evidence therein, the right of the plaintiff to be subrogated to the benefit of all liens upon the premises," etc., shall prevail.

These provisions sufficiently answer the point of no notice being alleged in the complaint; for the proceeding has to be commenced by *summons*, and other proper notices are to be given, if necessary to affect other parties, as in foreclosure; and in such a foreclosure the proceedings antecedent to the

certificate of sale need not be set out, any more than the transactions of the parties antecedent to the mortgage, and which resulted in the giving of the mortgage, need to be set out in a complaint for the foreclosure of such mortgage.

This is the only law which authorizes the bringing of any action, either legal or equitable, to establish and enforce a tax certificate and obtain the legal title of the lands, and this remedy is "in lieu of taking a tax deed," and it is therefore unnecessary to allege that no proceedings at law for such purpose had been commenced, or that there is no adequate remedy at law.

The only question remaining is as to the constitutionality of the statute authorizing this proceeding. It is not perceived in what respect this statute affects unfavorably the rights of the owner of the lands. It extends the time of redemption, and admits of all possible defenses to the foreclosure by reason of any antecedent illegal proceedings in the assessment and taxation, and finally bars and forecloses the equity of redemption. It is contended that the statutory proceeding is liable to the same objection as the proceeding to foreclose a street commissioner's certificate under section 3, ch. 338 of the Local Laws of 1856, which is condemned in *Smith v. Van Dyke and others, Adm'rs of Rogers*, 17 Wis., 208. In that case there would have been two tax sales — one to the city, which had bid in the lands for the special assessment, and the other to the plaintiff under his decree, and these two antagonistic; and none of the reasons given in that case are applicable to this; and the same may be said of the subsequent case of *Smith v. Ludington and others*, id., 334. Here there is but one tax sale as such, and this proceeding, "in lieu of taking a tax deed," is a cumulative remedy to establish and enforce such tax sale, and foreclose the equity of redemption. We think this statute is valid, and the complaint sufficient.

*By the Court.* — The order of the county court sustaining the demurrer to the complaint is reversed, with costs, and the cause remanded for further proceedings according to law.