MANSEAU vs. EDWARDS and wife.

*November 5 — November 22, 1881.*

TAX CERTIFICATES: *(1) As evidence in actions to foreclose them. (2) Their form. (3) Limitation of actions upon and defenses against them.*

1. Under sec. 1181, R. S., a tax certificate is *prima facie* evidence, in an action to foreclose it, of the regularity of all the prior tax proceedings and the liability of the land to taxation; and it is not necessary for plaintiff either to allege those facts or to prove them in the first instance.

2. In sec. 54, ch. 22, Laws of 1859 (§ 171, ch. 22, p. 440, Tay. Stats.), prescribing a form for tax certificates, the words at the end, "according to the facts," are no part of the form, but a mere direction to the officer as to the manner of filling out the certificate. *Lain v. Cook*, 15 Wis., 446, and other cases relating to said form, distinguished.

3. Where the nine-months' limitation prescribed by sec. 7, ch. 334, Laws of 1878, had commenced to run upon a tax certificate before the revision of 1878 took effect, it continued applicable to such certificate after the revision (sec. 1210e, R. S.; sec. 3, ch. 309 of 1880); and such limitation bars all remedies to avoid the certificate, whether in favor of a plaintiff or of a defendant. *Mead v. Nelson*, 52 Wis., 402.

APPEAL from the Circuit Court for *Kewaunee* County.

Action to foreclose two tax certificates. The complaint alleges no facts anterior to the tax sales to which the certificates relate. The objections taken at the trial will sufficiently appear from the opinion. From a judgment in favor of the plaintiff, the defendants appealed.

. The cause was submitted for the appellants on the brief of *G. G. Sedgwick*. He contended, 1. That, in the absence of any statute making the certificate of sale evidence of the prior tax proceedings, all these proceedings must be pleaded and proven. Blackw. on T. T., *73–74, *500, *506; *Bridge v. Bracken*, 3 Pin., 73; *Eaton v. Lyman*, 33 Wis., 35. A statute will not be held to change the common law by doubtful implication. Sedgwick on Stats., 318; *Meek v. Pierce*, 19 Wis., 300. Sec. 1181, R. S., does not attempt to change the rules of pleading or the law of evidence in actions of this kind; but, in giving a new remedy, it refers to certain known laws and modes of procedure which are to be followed *so far as they are applicable*. This means merely that courts shall not apply the rules of strict construction, which prevail when parties are pursuing a new remedy resting entirely upon the statute. A rule of law which makes the production in evidence of a proper instrument sufficient to establish a cause of action, is not applicable in a case where the rule of law is that the mere production of the tax certificate is insufficient.

2. That the omission of the words "according to the facts" avoided the certificate of 1878. *Lain v. Cook*, 15 Wis., 446; *Lain v. Shepardson*, 18 id., 59. 3. That it was error to exclude the evidence offered by defendants to show the invalidity of the taxes. Sec. 1210$e$, R. S., limits the time in which an action must be brought to set aside any sale of lands for taxes, or to cancel any certificate of a tax sale. This refers to actions where the tax-payer is the actor, and does not preclude him from setting up such a defense when he is attacked. Nor does it include the case of foreclosure of certificates; and the owner of the certificates, having elected to foreclose them instead of taking a deed, has waived the advantage of the statute of limitations. *Burrows v. Bashford*, 22 Wis., 103.

*Wm. H. Timlin*, for the respondent.

Cole, C. J. This is an action to foreclose tax certificates. The objection was taken on the trial, and is renewed here, that it was incumbent on the plaintiff, in order to be entitled to a judgment of foreclosure, to allege and prove that all the proceedings, from the listing of the land for taxation down to the sale for taxes, had been in conformity to law.

In *Durbin v. Platto*, 47 Wis., 484, which was a similar action, it was decided, on demurrer to the complaint, that it was no more necessary to set out in the complaint the proceedings antecedent to the certificate, than it was in an action to foreclose a mortgage to state the transactions of the parties antecedent to the giving of the mortgage. That decision was based upon the language of the statute, which provides "that all the rules of law and practice relating to the foreclosure of mortgages by action," and "the rules of pleading and evidence therein, . . . so far as they are applicable," shall prevail in these actions. Chapter 181, Laws of 1872; section 1181, R. S.

That case, it is true, only involved a question of pleading, but the decision has an important bearing here. It pointedly

answers the objection that the complaint failed to state a cause of action, particularly because it does not allege the liability of the land for taxation, or the proper levy of a tax, or the sale of the land for a tax. If that decision is sound (as we have no doubt it is), it was not necessary to allege these matters in the complaint; and if it was not necessary to allege these facts in the complaint, it would seem to follow, logically, that it was not incumbent on the plaintiff to establish or prove them on the trial in order to make out his case. But the ingenious counsel for the plaintiff further argues and insists, that, as the statute declares that the laws and rules of practice which relate to the foreclosure of mortgages, both as to pleading and evidence, shall apply to this action, so far as it is possible to apply them, this relieved the plaintiff from making proof of any such facts, or from showing that all the anterior tax proceedings were regular. He says the meaning of this statute is, that the same rules of evidence shall apply to these instruments in an action to foreclose them, as apply to a note and mortgage in a foreclosure action; that is to say, when the plaintiff has introduced his tax certificate in evidence, he makes out his case as fully as he does by the introduction of a note and mortgage in a foreclosure action, and is not called upon to go any further to establish his right to a judgment. We have no doubt that this is a correct interpretation of the statute in question. Indeed, the construction which is contended for by the counsel on the other side practically renders the provision useless. He claims that it merely means that the court shall not apply the rules of strict construction which prevail when parties are pursuing a new remedy resting entirely upon the statute. But if this were its object, it would seem to be quite unnecessary. We think, however, it has a far different purpose, and was intended to make the production in evidence of a tax certificate sufficient to establish a cause of action in this class of cases, thus relieving the plaintiff from the *onus* of showing that all the tax proceedings,

from the listing of the land for taxation to the sale, were regular and in conformity to law. In the absence of the provision, it would probably be necessary for the owner of the certificate, when he sought this remedy, to plead and prove every essential step in the tax proceedings up to the sale. A tax deed is made presumptive evidence of the regularity of the proceedings (section 1176), but there is no such provision declaring the effect in evidence of the tax certificate, except the one above cited. But that provision has the effect to make the tax certificate *prima facie* evidence of the regularity of all the prior tax proceedings, including the liability of the land to taxation. This proceeding to foreclose a tax certificate is one especially favorable to the owner, who has an opportunity by it to discharge the lien, if valid, and save his land. It is not at all in the nature of a forfeiture.

But it is objected that the tax certificate on the sale of 1878 was not in the form prescribed by law (section 54, ch. 22, Laws of 1859, and section 171, ch. 18, Tay. Stats.), and therefore was improperly admitted in evidence. The particular objection is, that the words "according to the facts," at the end of the certificate, are omitted. But these words were obviously intended as a direction to the officer in regard to the manner of filling out the certificate. That being its object, the reason for the decisions in *Lain v. Cook,* 15 Wis., 446; *Lain v. Shepardson,* 18 Wis., 59; *Wakely v. Mohr,* id., 321, does not apply.

The defendants offered evidence to show that the taxes in the town of Red River, where the land is situated, for the years 1876 and 1877, were invalid. The evidence was objected to and excluded on the ground that the statute of limitations had run on the certificates, and that any errors in the tax proceedings prior to their date could not be shown. The plaintiff relies upon section 7, ch. 334, Laws of 1878; section 1210e, R. S., and section 3, ch. 309, Laws of 1880, to sustain this ruling. The validity of these statutes of limitation and their

application to these certificates was, in effect, considered in *Mead v. Nelson*, 52 Wis., 402. In that case it was determined that these tax certificates are protected by the statute of limitations, and all remedies to avoid them are barred by lapse of time. The limitation under the statute of 1878 had expired before this action was commenced. It had begun to run when the revision took effect, and, under section 4884, continued to run notwithstanding the repeal of that act. It is said that these statutes of limitation do not apply in letter and in spirit to the case of foreclosure of certificates, where the owner of the certificate has the option to take a deed or foreclose the certificate. But this position is adverse to the decision in *Mead v. Nelson*. The point is also made that the limitation does not apply except where the tax-payer is the actor, and does not preclude him from setting up a defense to the certificate when he is attacked. The decision in *Mead v. Nelson* is also adverse to this view.

We think the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.