# Childs *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Charge as to credibility of witness, when testimony is conflicting.* The credibility of witnesses is entirely a question for the jury, under certain rules for weighing it which may be given them in charge; and in a criminal case, where the testimony of a witness for the prosecution is in conflict with the testimony of two witnesses for the defense, as to the same conversation or occurrence, a charge requested, instructing the jury that, if the three witnesses "are of equal credibility and weight, and the two latter conflict with the former on the facts of the case, they may disregard the evidence of the former," "lays down a confusing and embarrassing standard for weighing the testimony," and is properly refused.

2. *Charge as to testimony of witness partly false.*—A charge requested, instructing the jury that, if they find the testimony of a witness false as to certain facts stated by him, or false in part, they "may discard all

his evidence," is properly refused, since a false statement by a witness, though it may affect his credibility, does not require that his entire testimony should be discarded by the jury, unless it was known by him to be false, or was made with intent to deceive or mislead.

FROM the Circuit Court of Limestone.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted for carrying a pistol concealed about his person, and pleaded not guilty to the indictment. "On the trial," as the bill of exceptions states, "the State introduced one Bill Redus as a witness, who testified, that at a church supper at Athens in said county, in September, 1883, he saw the defendant draw a pistol from his pocket, change it a moment from one position to another, and put it back in his pocket; that he, witness, while this handling of the pistol was going on, called the attention of Sip. David and Sam. Wright to it, and they three then talked about it. The defendant then introduced said Sip. David as a witness, who testified, that he was not at the church on the occasion spoken of; that he saw no pistol in the hands, or upon the person of the defendant, and that no such conversation took place as that stated by said Bill Redus. The defendant further introduced said Sam. Wright as a witness, who testified that, on the occasion named by said Bill Redus, he saw no pistol on or about the person of the defendant, nor did he have any such conversation as that narrated by said Redus. The defendant then offered some other evidence, tending to show that he was not guilty. This was all the evidence in the case. Thereupon, the defendant requested the court, in writing, to charge the jury as follows: 1. 'If you should find that Bill Redus, Sip. David and Sam. Wright are of equal credibility and weight, and the two latter conflict with the former on the facts of the case, you may disregard the evidence of Bill Redus.' 2. 'If you find that Bill Redus' evidence was false, as to his conversation at the church, about the pistol, with Sip. David and Sam. Wright, you may discard all his evidence.' 3. 'If you find that Bill Redus' evidence, as to Sip. David being at the church, or seeing the pistol, is false, you may disregard all his evidence.' The court refused each of these charges as asked, and the defendant duly excepted to the refusal of each;" and these rulings are the only matters here presented for revision.

No counsel appeared in this court for the appellant, so far as the record and the dockets show.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The first charge asked by defendant would

[Childs v. The State.]

have required the jury to compare the testimony of one witness with that of others, supposed to be in conflict, if the jury found them to be of "equal credibility, or weight," and instructed them, that in such event, they might disregard the evidence of the criminating witness. The credibility of witnesses is entirely a question for the jury, under certain rules for weighing it, which may be given them in charge. The charge asked would have laid down a confusing and embarrassing standard for weighing the testimony. In *Dorgan v. The State*, 72 Ala. 173, we said, speaking of two charges requested, they "were certainly misleading, if not erroneous, and were properly refused. They are each obnoxious to the construction, that where one witness swears to the existence of a fact, and another witness, of equal credibility, or equally worthy of belief, swears to the non-existence of the same fact, the fact is not proved, unless there is other satisfactory proof of it, which, standing alone, would of itself be sufficient to establish the probability of its truth. In such cases, a very slight circumstance, or fact, might be sufficient to corroborate the one witness or the other, so as to produce a rational conviction of the truth or falsity of the *factum probandum*, when, standing alone and disconnected, it might weigh very little with the jury, and be totally inadequate for this purpose."

The second and third charges asked and refused, present substantially the same proposition. The language of the second charge is, "If you find that Bill Redus' evidence was false, as to his conversation at the church, about the pistol, with Sip. David and Sam. Wright, you may discard all his evidence." The vice of these charges is, that they do not predicate enough. A statement made in mistake may be false, and yet it would not justify a disregard of all the witness might say. The principle invoked is the maxim, *falsus in uno, falsus in omnibus*. In *Grimes v. The State*, 63 Ala. 166, this court, speaking of this maxim, said its true explanation was, that to justify the exclusion of entire testimony, because it is false in part, "its falsity must result from design, and not from mere mistake, or infirmity, which affects only the character of the witness for accuracy." We said further: "There are so many considerations affecting the credibility of a witness, that it is far better, and more promotive of the ends of justice, to have the jury free in each case to determine, in view of all the evidence, the witnesses whom they will credit, or the parts of the evidence of any witness which they will credit, and which they will discredit, than to fetter their judgment by inflexible rules, which may compel them to conclusions they would not otherwise reach." It is certainly true, as shown by our every-day experience, that artificial, or arbitrary rules for determining

the truth or falsity of testimony, must be unsatisfactory and misleading. To warrant the application of the maxim, the alleged false statement must have been made knowingly, intentionally, or with a design to deceive, or mislead. Unless the jury believe such was, or must have been the case, then an erroneous statement does not, in and of itself, require by any absolute rule that the whole testimony must be disbelieved. The Circuit Court did not err in refusing these charges.

Affirmed.