## THE STATE v. RAINSBARGER.

1. **Assault with Intent to Kill:** EVIDENCE TO CONVICT. Defendant was indicted for an assault alleged to have been made upon one S., by shooting at him with a revolver, with intent to kill him. The evidence (see opinion) as to the number of shots fired by defendant, and as to whether he intended to injure S., was conflicting, and, as the trial court refused to set aside a verdict of guilty as not being sustained by the evidence, this court cannot interfere.

2. **Criminal Law:** INSTRUCTIONS: PROOF BEYOND REASONABLE DOUBT. Where the court in one instruction has made it plain that the state must prove the facts constituting defendant's guilt beyond a reasonable doubt, it is not prejudicial error to begin other instructions thus: "If you find from the evidence that defendant," etc., without each time saying, "If you find beyond a reasonable doubt," etc.

3. ———: IMPEACHMENT OF DEFENDANT: INSTRUCTION AS TO EVIDENCE. Where defendant in a criminal case was a witness in his own behalf, and there was evidence tending to impeach him, the court rightly instructed that the impeaching evidence should

only be considered to the extent of determining the weight and credit, if any, to be given to defendant's testimony as a witness in his own behalf ; and it was "not necessary to add that the jury should not allow it to influence them in any manner against the defendant as a party to the suit.

4. ———: INSTRUCTIONS: WHEN PROPERLY REFUSED. An instruction asked is rightly refused when the same thought is clearly expressed in the instructions given.

*Appeal from Hardin District Court.*—HON. D. D. MIRACLE, Judge.

FILED, MAY 9, 1890.

DEFENDANT was indicted by the grand jury of Hardin county for the crime of assault with intent to commit murder, alleged to have been committed as follows: "The said Joseph Rainsbarger, on the twenty-seventh day of February, 1886, in the county aforesaid, in and upon one Christian Smith, did commit an assault with a deadly weapon, being a revolver loaded with powder and ball, and held in the hands of the said Joseph Rainsbarger, then and there did wilfully, feloniously, and with malice aforethought, shoot off and discharge the contents of said revolver at and against the said Christian Smith, with specific intent, then and there, him, the said Christian Smith, to kill and murder, contrary to the law." Defendant having pleaded not guilty, the case was submitted to a jury, and a verdict returned finding the defendant guilty of an assault with intent to inflict great bodily injury. Defendant's motion for a new trial was overruled, and judgment entered on the verdict, to all of which the defendant excepted, and from which judgment he appeals.

*Albrook & Hardin,* for appellant.

*H. L. Huff* and *John Y. Stone,* Attorney General, for the State.

GIVEN, J.—I.   Counsel for appellant urge in argument that the evidence is insufficient to sustain the verdict, and that the court erred in giving and refusing certain instructions.   The testimony shows without conflict that about five o'clock p. m., of the day named, the defendant was on horseback, in the road in front of Christian Smith's house, and that he then and there discharged a revolver once or twice.   That at that time Smith was squatted down alongside of his corn-crib, his back towards the gate opening into the highway, engaged in picking up corn from the ground.   Smith testifies that on hearing the first shot he made a couple of steps towards the gate, and saw the defendant sitting on his horse at about the center of the gate, and that defendant then fired a second shot at him ; that he heard the first ball whiz past his head ; that after firing a second shot the defendant rode a little ways south, and then returned, and hitched his horse at the gate, came into the yard, and used profane, abusive and threatening language towards him ( Smith); that at the time the second shot was fired his ( Smith's) dog ·was in the yard, between him and the defendant.   Smith is corroborated by several witnesses as to the number of shots fired, and what took place after the second shot. Defendant testified that he did not see Smith at the time he fired the revolver ; that he shot at the dog, and that when Smith jumped up and hallooed he told him that he was shooting at the dog ; that he had no ill feeling towards Smith ; that the dog was south of the gate when he shot at him ; that he only shot once ; that he did not stop at the gate, did not go into Smith's yard, and did not swear at him, nor call him hard names.   John Rainsbarger, brother of the defendant, testified that he was in a field thirty rods distant; heard one shot ; saw Smith's dog there ; that defendant was ten yards south of the gate when he shot ; that the dog was running and barking at the horse ; that he did not hear a second shot ; nor see defendant stop

<div style="margin-left:0">1. ASSAULT with intent to kill: evidence to convict.</div>

at the gate. There is considerable testimony as to how much of the side of the corn-crib could be seen from different points alongside of the gate. There was also some testimony tending to show that about one year previous to this Smith's wife had accused the defendant of injuring an animal belonging to Smith.

This is a sufficient statement of the testimony to show that there was a conflict as to how many shots the defendant fired, and whether he intended to injure Smith. In *State v. Elliott*, 15 Iowa, 79, the court says: "And, while we recognize the duty of the court to interfere with an unjust verdict, it should nevertheless be well satisfied, when the testimony is conflicting, of its insufficiency to convince the judgment, reason and conscience of the triers, before setting aside the conclusion arrived at, as it must be presumed, after the requisite patient thought and attention; and especially is this so when the court below has refused to disturb such verdict." We are clearly of the opinion that the judgment in this case should not be reversed on the grounds of insufficient evidence.

II. After instructing the jury fully and explicitly in the second paragraph of the charge as to the degree of proof required to convict, the court says in the fourteenth paragraph: "If you find from the evidence that the defendant," etc. Appellant complains because the jury were not again instructed that they must find beyond a reasonable doubt. Taking the instructions together, there was no room for misapprehension or mistake as to what was meant in the fourteenth paragraph; it was manifest that the finding therein referred to must be beyond reasonable doubt. In the fifteenth paragraph the court says: "If you find from the evidence that the defendant shot at the witness' dog, and not at the witness, such shooting would not render the defendant guilty of any degree of the offenses charged in the indictment." Appellant complains that the jury were not thereby instructed that, if there was a reasonable

doubt as to which of the two was shot at, they should acquit. It is true, as stated, that the principal point in dispute was whether the defendant shot at the dog or at the man, and equally true that, to convict, the jury must find that he shot at .the man. No doubt could have existed in the minds of the jury on this subject, after considering the second instruction, in connection with the one under notice.

III. The defendant being examined as a witness in his own behalf, the state introduced evidence as to his moral character, and character for truth and veracity, together with similar evidence as to other witnesses. After instructing the jury as to this class of testimony, the court said, respecting defendant, as in the case of the other witnesses sought to be impeached : ''This evidence should only be regarded by you to the extent of determining the weight and credit, if any, to be given to his testimony as a witness in his own behalf.'' Appellant complains that the court did not restrict the application of this evidence to the weight to be given to the defendant's testimony, and did not instruct the jury that it should not be allowed to influence them in any manner against the defendant as a party to the suit. We think the court very clearly restricted its application to the defendant as a witness.

*3. ——: impeachment of defendant: instruction as to evidence.*

Appellant complains of the refusal of the court to give the following instruction: ''If there is a reasonable doubt in your minds, from all the evidence in the case, as to whether the defendant shot at Christian Smith, or at the dog, then you should acquit.'' This thought is clearly embraced in the instructions given. We have examined the record with respect to errors assigned, whether argued or not, and our conclusion upon the whole record is that the judgment of the district court should be

