THE MODEL MILL COMPANY *et al. v.* McEVER *et al.*

1. The issue being whether a bill of sale from a mercantile firm to a creditor was executed and delivered upon a *bona fide* contract of absolute sale, or upon a secret agreement that this creditor, out of the proceeds of the property conveyed, was to pay a debt due another creditor of the firm ; and there being both parol and documentary evidence bearing directly upon this issue, there was no error in refusing to charge a written request which limited the jury, in determining the question involved, to a consideration of the bill of sale and the parol evidence explanatory of the same.
2. There was evidence sufficient to warrant the verdict.

March 25, 1895.  Brought forward from the last term.  Code, §4271(a-c).

Equitable petition. Before Judge WELLBORN. Hall superior court. July term, 1894.

GEORGE K. LOOPER and DEAN & HOBBS, for plaintiffs.

PRIOR & THOMPSON, W. S. PICKRELL and W. L. TELFORD, for defendants.

SIMMONS, Chief Justice.

1. The only grounds of the motion for a new trial were, that the verdict was contrary to law and the evidence, and that the court erred in refusing to give in charge to the jury the following written request:

"If it appears from the instrument of writing executed by a debtor insolvent at the time of the transaction, and from the parol evidence explanatory thereof, that personal property consisting of a stock of goods, notes, accounts, fixtures, mule and wagon, was delivered to a creditor, not on a contract of absolute sale to him, but with the understanding that he was to pay over to another creditor a part of the property or a part of its proceeds and retain the balance on a debt due him, the transaction was an assignment for the benefit of creditors; and it not being made with the inventory and schedule required by statute, the same was void."

This request is substantially in the language of this court in the case of *Johnson* v. *Adams*, 92 *Ga.* 551, and is correct in the abstract; but under the facts of this case the court could properly decline to give it in charge, inasmuch as it limited the jury, in passing upon the question of whether the "instrument in writing" referred to was delivered on a *bona fide* contract of absolute sale or not, to a consideration of the instrument itself and the parol evidence explanatory thereof, when there was other evidence, both parol and documentary, bearing upon that issue.

2. There was sufficient evidence to warrant the jury in finding as they did, and the trial judge having approved the verdict, this court will not set it aside.

<em>Judgment affirmed.</em>