# WASTL, RESPONDENT, *v.* MONTANA UNION RAILROAD COMPANY, APPELLANT.

[Submitted April 2, 1895. Decided November 25, 1895.]

WITNESS—*Credibility—Instructions.*—It is the sole province of the jury, under the law, to determine the credibility of the witnesses and the weight to be given to their testimony, and it is therefore error to charge, in effect, that the preponderance of the evidence is to be determined by the number of witnesses if all are of equal credibility.

SAME—*Same.*—It is error for the court in instructing the jury that they are at liberty to disregard the entire testimony of witnesses whom they believe to have wilfully sworn falsely as to any material fact, to call the attention of the jury to particular witnesses by designating them by name, for to that extent the instruction is an implied comment on their evidence and credibility.

SAME—*Admissions.*—An instruction that, as a general rule, the statements of witnesses as to verbal admissions of a party, should be received by the jury with great caution, is erroneous as commenting on the weight to be given to that particular testimony.

SAME—*Bias.*—In an action against a railroad company, where the defendant's witnesses were mostly its employes, an instruction that if the jury believes that any witness has testified under a fear of losing his employment or a desire to avoid censure, or to please his employer, such fact may be taken into account in determining the weight to be given to his testimony, and they may judge of the effect likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives on the part of a witness may tend to warp his judgment or pervert the truth, is objectionable as arguing upon the effect of the circumstances assumed to surround the witnesses, and as establishing a doubtful ground for questioning his credibility.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION for damages for personal injuries. The cause was tried before SPEER, J. Plaintiff had judgment below. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action for damages for personal injuries. It appears from the pleadings in the case that the defendant corporation, on April 15, 1889, was the owner of and operating a railroad, having depot, yard, engines, switches and other appliances for carrying on its business at Butte; that, on the night of said day, the plaintiff was employed by the defendant as a laborer, and that it was his duty to wipe and coal engines in the roundhouse and yards of defendant, and to act as helper to the hostler, under the orders and directions of the hostler,

and that it was his duty to obey any orders of the hostler in and about whatever he was directed to do by him in coaling, wiping engines and turning the switches in running engines in and about the yard; that it was the duty of said hostler to so manage, handle and operate said engines that no injury should be done to the plaintiff or other persons through the negligence of the hostler in managing and operating the same; that the hostler directed the plaintiff to get on the engine, and go with him to the switch, and get off and turn it for him when the engine stopped; that the night was very dark; that plaintiff, having never before turned the switch, did not know its exact location; that, . the engine having stopped, plaintiff got off as directed, and, while looking and groping in the dark for the switch, the hostler negligently, without giving any signal or blowing the whistle, ran the engine upon and over the plaintiff; that there was no headlight or any light on the engine at the time, or any other light by which plaintiff could see the approach of the engine; that the hostler was the superior servant and employe, whose orders it was the duty of plaintiff to obey; that plaintiff was without fault or negligence in the premises; that plaintiff was badly and permanently injured by being struck and run over by said engine. This action is brought to recover damages for the injuries incurred.

The answer denies every material allegation of the complaint, and alleges affirmatively that it was no part of plaintiff's duties to turn the switch; that he was not ordered by the hostler or any one else to do so; that he was on the engine without any authority, on his own account, and that the hostler did not know of his presence; that plaintiff was injured by his own carelessness, negligence, and fault.

The case was tried with a jury, and a verdict was returned in favor of the plaintiff. Judgment was rendered in accordance therewith. The defendant appeals from the judgment and order made denying a new trial.

*J. S. Shropshire, George B. Winston* and *Forbis & Forbis,* for Appellant.

*George Haldorn*, for Respondent.

PEMBERTON, C. J.—The principal assignments of error in this case are those which attack the instructions given by the court to the jury.    Instructions Nos. 7 and 15 are claimed by counsel for defendant to be especially erroneous.    These. instructions are as follows:

"(7) You are instructed that, although the preponderance of the evidence is not always determined by the number of witnesses testifying in a case, yet, if in a case there are only one or two witnesses who testify to a given state of facts, and six or seven witnesses of equal candor, fairness, intelligence, and truthfulness, and equally as well corroborated by other evidence, and who have no greater interest in the result of the suit, testify against such state of facts, then the preponderance of the evidence is determined by the number of witnesses."

"(15) If the jury believes, from the evidence, that the witnesses Roe, Hoskins, and Leisks have wilfully sworn falsely on this trial as to any matter or thing material to the issues in the case, then the jury are at liberty to disregard their entire testimony, except in so far as it has been corroborated by other credible evidence, or by facts and circumstances proved on the trial."

Instruction No. 7 told the jury that the preponderance of the evidence was to be determined in the case at bar by the number of witnesses, if they were all of equal credibility, etc. In 2 Thomp. Trials, § 2422, it is said: "The judge may properly caution the jury thus: 'In summing up the testimony upon any given question, you should not alone count witnesses.    It is not always the most satisfactory, neither is it the most certain criterion of the truth.'    On the other hand, it is error to instruct them, under any circumstances, to decide according to the number of opposing witnesses of equal credibility; for instance, to tell them, in effect, that where all the witnesses are of equal credibility, and the testimony of those on one side conflicts on a particular question with that of those on the other side, the side having the greater number of

·such witnesses has the greater weight of evidence upon the question." To the same effect, see *Ely* v. *Tesch*, 17 Wis. 209; *Bierbach* v. *Rubber Co.*, 54 Wis. 208, 11 N. W. 514; *Childs* v. *State*, 76 Ala. 93; *State* v. *Tipton*, 15 Mont. 74.

We think this instruction was an invasion of the province of the·jury. It is the sole province of the jury, under the law, to determine the credibility of the witnesses, and the weight to be given to their testimony. The preponderance of the evidence is not determined in any case solely by the number of the witnesses, however credible the witnesses may be. If so, it would be difficult to see how a litigant would fail in any case if he should be fortunate enough to have the greatest number of credible witnesses. (5 U. S. Gen. Dig. Ann. p. 887, § 3673, and authorities cited.)

In instruction No. 15, given above, the court designated three witnesses by name, and told the jury, if they believed these three witnesses had wilfully sworn falsely as to any material matter or thing, they were at liberty to disregard their entire testimony, unless corroborated, etc. In reference to such instructions, 2 Thomp. Trials, § 2421, says: "It is a rule, applicable alike in civil and criminal cases, that it is error for the judge, directly or inferentially, to express an opinion to the jury, or in their hearing, as to the credibility of a particular witness, or as to the weight which they should attach to his testimony. He must not single out a particular witness, and, mentioning him by name, instruct the jury to take into consideration his interest in the suit as affecting his credibility. Thus, in a case of homicide, the judgment was reversed, because the judge instructed the jury to find the prisoner guilty if they believed from the evidence that the deceased was guilty under the circumstances detailed by a designated witness. So where, in a criminal case, the credit of witnesses, who were policemen, was assailed on account of their occupation, and the judge told the jury that, in very many of the cases which had been tried at that term of court, policemen had been the principal witnesses, and he thought the jury would agree with him in the opinion that in all those cases they had manifested great

intelligence, and testified with apparent candor and impartiality, it was held error, and the verdict of guilty was, for that reason, set aside. *A fortiori*, it is not error for the judge, in a criminal case, to refuse to instruct the jury that they are not bound to believe particular witnesses. So, it is error for the court, in instructing the jury upon a particular question, to confine their attention to the testimony of particular witnesses, thus, 'If you are satisfied, by the testimony of Phillips and Ott,' etc., where other witnesses have given testimony on the same subject." See, to the same effect, *Ott* v. *Oyer*, 106 Pa. St. 6; *Insurance Co.* v. *La Pointe*, 118 Ill. 384, 8 N. E. 353; *Childs* v. *State*, 76 Ala. 93.

The credibility of the witnesses is a question to be determined solely by the jury. The court has no right to comment upon their credibility, either by word or intimation. By designating the three witnesses named in the instruction, among the great number who testified in the case, and calling the particular attention of the jury to their testimony, and theirs only, the court intimated that there was something connected with their evidence which demanded particular scrutiny; and to that extent the instruction was an implied comment on their evidence and credibility, at least the jury was authorized to so consider it.

Instruction No. 8 given in this case is identical with the one in *Kauffman* v. *Maier*, 94 Cal. 269–282, 29 Pac. 481. The supreme court there held that instruction to be erroneous under the constitution of California, which says that "judges shall not charge juries with respect to matters of fact, but may state the testimony, and declare the law." And, further commenting on this instruction, the court said : "To weigh the evidence and find the facts in any case is the province of the jury, and that province is invaded by the court whenever it instructs them that any particular evidence which has been laid before them is or is not entitled to receive weight or consideration from them." The court also says the instruction is "an argument to the jury with 'respect to matters of fact' that had been presented at the trial, and a comment by the

court upon the weight which they should give to that testimony.''

Instruction No. 6, given by the court, is as follows :   '' (6) If you believe from the evidence that any witness has testified under a fear of losing his employment, or a desire to avoid censure, or a fear of offending, or a desire to please his employer, then such fact may be taken into account by you in determining the degree of weight which ought to be given to the testimony of such witness; and in such case you have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives on the part of a witness may tend to warp his judgment or pervert the truth, and, after applying your own knowledge of human nature and of the philosophy of the human mind to the investigation of the subject, are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case.''

Counsel for the defendant contends that there is no evidence in the record to warrant the giving of this instruction.   We have found nothing in the evidence to induce the court to give it.   It seems to have been given simply because the most of the witnesses for the defendant were in its employment.   The objectionable feature of the instruction is found in the argument contained therein as to the effect the circumstances and conditions assumed to surround the witnesses, evidently referred to, would have upon their minds as witnesses testifying under the conditions and circumstances that environed them. While it is not necessary to say that the giving of this instruction alone would authorize a reversal of the case, yet we may say that we seriously doubt its correctness.   Our people are a laboring people.   A large majority of them are employed by men, companies and corporations in the various industries of the state.   We cannot, therefore, approve of an instruction which declares it to be the law, even by intimation, that the fact of a citizen's being employed to labor for a person, company or corporation should be considered as a matter to dis-

credit him as a witness before the courts and juries of the state. The relations witnesses sustain to the parties to a suit may become grounds for argument of counsel, and, in proper cases, should be considered by juries in determining the weight to be given their evidence; but great caution should be taken by courts in declaring the law upon such matters, lest they err by entering into an argument in their instructions on the effect of such relations, or establish an unwarranted and at least doubtful ground for questioning the credibility of the witnesses.

The question of the plaintiff's right to recover, where he is himself without fault, on account of injuries received through the negligence of a superior servant engaged in a common employment, was fully discussed and determined by this court in *Crisswell* v. *Railway Co.*, *ante*, page 189. It is therefore unnecessary to treat these questions in this case.

The counsel for defendant contends that the complaint in the case does not state facts sufficient to authorize a recovery; that the court should have granted defendant's motion for a nonsuit; and that the evidence is not sufficient to sustain the verdict. In these respects, we think, defendant's contention is not sustained.

For the reasons given above, the judgment and order appealed from are reversed, and the case remanded for new trial.

*Reversed.*

HUNT, J.—I concur in the reversal, upon the ground of error in instructions 7 and 15, but do not desire to be considered as expressing any opinion upon instruction 8.

DE WITT, J.—Having been counsel in this matter before the action was commenced, I deem myself disqualified, and do not participate in the decision.