STATE, APPELLANT, *v.* SCHNEPEL, RESPONDENT.

[No. 1,478.]

[Submitted January 10, 1900.  Decided February 5, 1900.]

*Criminal Law— Witnesses—Indorsing Names on Information —Evidence—Impeaching Defendant—Instructions— Weight of Evidence — Preponderance of Evidence — Reasonable Doubt—New Trial—Defect in Information— Waiver.*

1. Under Penal Code, Section 1734, requiring the county attorney to indorse on the information, on filing it, the names of the witnesses for the state, if known, but not providing for the indorsement of other witnesses thereafter discovered, the act of the attorney at the trial in indorsing, under the directions of the court, the names of other witnesses on the information is not error, as such witnesses were subject to be examined whether their names were indorsed on the information or not.
2. It is error to deny the county attorney the right to examine witnesses because their names do not appear on the information, in the absence of a showing on the part of the defendant that the county attorney did in fact know of their existence at the time the information was filed.
3. When a defendant is sworn, and testifies in his own behalf, he is subject to the same rules of cross-examination and impeachment as any other witness, and it is competent for the state to impeach his testimony by evidence that his general reputation for truth, honesty and integrity is bad.
4. An instruction calling special attention to the defendant's witnesses and giving special direction as to how their evidence should be weighed, is properly refused, as invading the province of the jury.
5. The refusal of an instruction casting upon the state no greater burden than that of showing by a preponderance of the evidence the circumstances establishing defendant's guilt was proper, since the universal rule is that in all such cases the prosecution must establish such circumstances beyond a reasonable doubt.
6. Under Penal Code, Section 1910, providing that an information may be set aside when not properly subscribed by the county attorney, and Section 1911, providing that, unless a motion to set aside be made before demurrer or plea, this ground of objection is waived, if the motion to set aside the information was made in the trial court, and improperly refused, the error can be reviewed only on appeal from the judgment; it cannot be reviewed on an appeal from an order granting a new trial, not being one of the grounds for new trial enumerated under Penal Code, Section 2192.
7. It is error, in a criminal case, to grant defendant's motion for a new trial on the ground that the information therein is not properly subscribed.
8. The rule that the trial court's action in granting a new trial cannot be disturbed, even if it committed errors during the course of the trial, because such action was discretionary, applies only when the motion is made upon grounds which appeal to the discretionary power of the court, hence does not apply where the motion was made upon assignments of errors in law only.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

HENRY SCHNEPEL was convicted of grand larceny. From an order granting a new trial the state appeals. Reversed.

*Mr. C. B. Nolan, Attorney General,* and *Mr. C. P. Connolly,* for the State.

*Mr. M. J. Cavanaugh,* and *Mr. David M. Durfee,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the Court.

On October 14, 1897, the defendant was convicted of the crime of grand larceny, and thereafter, on the 21st day of October, was sentenced to imprisonment in the state prison for the term of one year. Thereupon he made a motion for a new trial, alleging as grounds therefor various prejudicial errors. On March 4, 1899, the motion was granted. From the order granting a new trial the state has appealed. The order does not indicate the ground upon which the action of the trial court was based in granting the motion. It will therefore be necessary to notice all the assignments of error made by defendant, in order to determine whether the action of the trial court was justified; for, if that court was justified in granting a new trial upon any one of the errors assigned, the order must be affirmed.

1. The charge was preferred by information. After the jury was selected, but before any proof was offered, the county attorney asked leave of the court to indorse upon the information the names of three witnesses, not known to him at the time the information was filed. Such leave was granted over objection of counsel for defendant, and the indorsement was made. Defendant saved his exception. The only provision of the statute upon this subject is Section 1734 of the Penal Code. By it the duty is enjoined upon the county attorney to indorse upon the information, upon filing it, the names of the witnesses for the state, if known. The purpose of this requirement is to enable the defendant to make inquiry as to

the witnesses, and to prepare to meet their testimony. (*State* v. *Calder*, *ante*, p. 504, 59 Pac. 903.) The duty of the county attorney is fully performed under this provision, however, when he has, at the time of presenting the charge for filing, indorsed the names of all witnesses then known to him; for there is no command that, if thereafter other witnesses are discovered, their names shall also be indorsed. Such witnesses may be called and examined at the trial whether their names have been indorsed or not. (*State* v. *Sloan*, 22 Mont. 293, 56 Pac. 364.) The defendant, therefore cannot complain if the county attorney indorses their names under the directions of the court, thus giving formal notice of the intention to call them, when no such notice is required. It is the duty of this officer to discover and present all the evidence he can obtain. He would be remiss in the performance of this duty should he neglect to do so. The mere fact that the names of the additional witnesses were written upon the information did not add to or detract from the probative force of their testimony; and it would have been error to deny the county attorney the right to examine them because their names did not appear thereon, in the absence of a showing on the part of the defendant that the county attorney did in fact know of their existence at the time the information was filed. Had such showing been made, it would still have been within the discretion of the court to permit the names of the witnesses to be indorsed, and their testimony to be used. (*State* v. *Calder*, *supra*.) No such showing was made in this case. No objection was interposed to the examination of the witnesses, nor any complaint made that defendant had not had sufficient opportunity to meet and controvert their evidence. The objection was based upon a misconception of the law, and was without merit.

2. The defendant testified in his own behalf, going fully into the facts constituting his defense. To impeach his testimony, the state called several witnesses, who testified that his general reputation for truth, honesty and integrity in the neighborhood where he lived was bad. Objection was made

that such evidence was incompetent, inasmuch as the defendant had not himself put his character in issue. The objection was overruled. The defendant having testified to matters material to his defense, it was competent for the state to impeach his testimony. When a defendant is sworn, and testifies in his own behalf, he is subject to the same rules of cross-examination and impeachment as any other witness. (Code of Civil Procedure, Sec. 3379; Penal Code, Sec. 2078.) See, also, *Mitchell* v. *State*, 94 Ala. 68, 10 South. 518; *People* v. *Beck*, 58 Cal. 212; *Drew* v. *State*, 124 Ind. 9, 23 N. E. 1098; *State* v. *Rainsbarger*, 79 Iowa, 745, 45 N. W. 302; *State* v. *Day*, 100 Mo. 242, 12 S. W. 365; *State* v. *Broderick*, 61 Vt. 421, 17 Atl. 716. The objection was properly overruled.

3. Complaint was made that the court erred in refusing to submit the following instruction to the jury: "The jury are instructed that in passing upon the testimony of defendant's witnesses in this case they should endeavor to reconcile their testimony with the belief that all the witnesses have endeavored to tell the truth, if they can reasonably do so under the evidence, and, if reasonably possible, attribute any differences or contradictions in their testimony, if any exist, to mistake or misrecollection, rather than to a willful intention to swear falsely." The instruction was properly refused. It would have invaded the province of the jury by calling special attention to the defendant's witnesses and in giving special direction as to how their evidence should be weighed. By implication the jury would have been given to understand that the same rule should not be applied to the other witnesses in the case. The court may not properly call the attention of the jury specially to any particular witness, or class of witnesses, or to any particular portion of the evidence. Such an instruction is calculated to induce the jury to infer that the portion of the evidence thus noticed is of special importance or weight, and lead them to give less consideration to other portions which they ought to examine with equal care. This Court, in *Wastl* v. *Montana Union Railroad Co.*, 17 Mont. 213, 42 Pac. 772, considered an instruction calling the attention of

the jury to certain witnesses by name. It was there said: "The credibility of the witnesses is a question to be deter-, mined solely by the jury. The court has no right to comment upon their credibility, either by word or intimation. By designating the three witnesses named in the instruction among the great number who testified in the case, and calling the particular attention of the jury to their testimony, and theirs only, the court intimated that there was something connected with their evidence which demanded particular scrutiny, and to that extent the instruction was an implied comment on their evidence and credibility; at least, the jury was authorized to so consider it." The vice of the instruction under consideration here is the same, for there is no difference between calling certain witnesses by name and pointing them out by some other designation equally as effective to distinguish them. (*People* v. *Hawes*, 98 Cal. 648, 33 Pac. 791; *Allen* v. *State*, 111 Ala.· 80, 20 South. 490; *Model Mill Co.* v. *McEver*, 95 Ga. 701, 22 S. E. 705; *Scott* v. *People*, 141 Ill. 195, 30 N. E. 329; *Goodwin* v. *State*, 96 Ind. 550.)

While a trial court may instruct the jury that they should, in considering the evidence, presume that a witness speaks the truth, unless there is some reason to think otherwise (Thompson on Trials, Sec. 2420; *State* v. *Jones*, 77 N. C. 520), the instruction given must apply to all witnesses in the case, and not to some to the exclusion of others.

Complaint was also made that the court refused the following instruction: "The jury are instructed as a matter of law that, where a conviction of a criminal offense is sought upon circumstantial evidence, the prosecution must not only show by a preponderance of the evidence that the alleged facts and circumstances are true, but they must *be* such facts and circumstances are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused. And in this case all the facts and circumstances relied upon by the prosecution to secure a conviction, if they can be reasonably accounted for upon any

theory consistent with the innocence of the defendant, the
verdict should be not guilty.'' It will be observed that this
instruction does not read intelligently, because of the use of
the word ''be'' for the word ''believe.'' Still, if this cor-
rection had been made, the instruction was nevertheless prop-
erly refused. It casts upon the state no greater burden than
that of showing by a preponderance of the evidence the cir-
cumstances establishing the guilt of the defendant, whereas it
is the universal rule that in all cases where the guilt of the
defendant is sought to be established by circumstantial evi-
dence the burden devolves upon the prosecution of establish-
ing to the satisfaction of the jury beyond a reasonable doubt
all the circumstances necessary to show such guilt. (*State* v.
*Gleim*, 17 Mont. 17, 41 Pac. 998, 31 L. R. A. 294.) Fur-
thermore, an examination of the instructions given by the
court shows that the jury were fully and correctly instructed
upon the phase of the law involved in the instruction under
consideration.

4. The last error assigned, and the one to which counsel
for the respondent devotes almost his entire argument in the
effort to support the action of the trial court in setting aside
the verdict of the jury, is based upon the assertion that the
information filed herein is not properly subscribed. An ex-
amination of the record shows that it is subscribed by the
chief deputy county attorney, instead of by the county attor-
ney. Section 2192 of the Penal Code enumerates the grounds
upon which the court may grant a new trial. The failure of
the county attorney or the attorney prosecuting to properly
subscribe the information is not enumerated in this section as
one of the grounds for a new trial. True, section 1910 of
the same code provides that the information may be set aside
where it is not properly subscribed by the county attorney or
the attorney prosecuting; but section 1911 provides further
that, unless a motion be made to set aside the information
before demurrer or plea, this ground of objection to it is
deemed to be waived. (*State* v. *McCaffery*, 16 Mont. 33, 40
Pac. 63.) The record does not show whether a motion to set.

aside the information was made in the trial court. Even if
there had been, and the court had erred in refusing to set it
aside for the reason that it was not properly subscribed, the
error thus committed by the trial court could be reviewed
only on appeal from the judgment. The question presented
by this assignment is, therefore, not before this court on this
appeal. If the court below granted defendant's motion for a
new trial on this ground, it was error.

No assignment was made in the court below as to the insuf-
ficiency of the evidence to sustain the verdict of the jury.
Counsel for respondent contend here that, even if the court
committed no error during the course of the trial, yet its ac-
tion in granting a new trial on the motion of the defendant
cannot be disturbed, because such action was discretionary.
This is the rule when the motion is made on the ground of
insufficiency of the evidence, or other ground which appeals
to the discretionary power of the court; but when the motion
is made upon assignments of errors in law only, as in this
case, it is not addressed to the discretion of the court, but
presents a question of strict legal right. (Hayne, New Trial
& App. Sec. 100; *Hinkle* v. *S. F. & N. P. Railroad Co.*, 55
Cal. 627.)

The trial court having committed no error during the pro-
gress of the trial, it was clearly error to grant a new trial for
any of the reasons assigned in this record. The order grant-
ing a new trial is therefore reversed, and the cause remanded
to the district court, with direction to enforce the judgment
as originally entered. *Remittitur* forthwith.

*Reversed and remanded.*